# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

| | |
|---|---|
| HARVEY WICKER, on behalf of the State of California and Aggrieved Employees,<br><br>Plaintiff,<br><br>v.<br><br>WALMART, INC., d/b/a Walmart Fulfillment Center,<br><br>Defendant. | Case No.: 5:20-cv-02166-JWH-KKx<br><br>Hon. John W. Holcomb<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND FIRST AMENDED COMPLAINT**<br><br><u>Hearing</u>:<br>Date:   December 18, 2020<br>Time:  9:00 a.m.<br>Dept.:  Courtroom 2<br><br>Action Filed:        August 27, 2020<br>Action Removed: October 16, 2020<br>Trial Date:          None Set |

Plaintiff Harvey Wicker ("Plaintiff") commenced this action against Defendant Walmart ("Defendant") on August 27, 2020, setting out allegations and seeking relief under sections 2699(a) and (f) of the California Private Attorneys General Act ("PAGA"). The action was thereafter removed on October 16, 2020. That same day, Plaintiff filed his First Amended Complaint, setting forth two additional causes of action. Plaintiff alleged that Defendant's conduct amounted to Public Nuisance under California Civil Code, §§ 3294, 3479, 3480, 3491, 3493 and California Code of Civil Procedure § 731. Plaintiff also alleged that Defendant's acts and omissions constituted unfair and unlawful business practices under the California Business and Professions Code §§ 17200 *et seq*.

On November 4, 2020, Defendant filed its Motion to Dismiss Plaintiff's First Amended Complaint. Therein, Defendant argued that Plaintiff's complaint should be dismissed for four reasons, including that (1) Plaintiff's PAGA claim is barred for failure to exhaust administrative remedies; (2) that Plaintiff failed to state a viable public nuisance claim; (3) that Plaintiff failed to state a viable UCL claim; and in the alternative, (4) that Plaintiff's claims should be dismissed under the judicial abstention doctrine.

Plaintiff filed his Opposition on November 13, 2020. Plaintiff first argued that it would be premature to dismiss this action outright given that this action involves a novel complaint responding to an unconventional set of facts. Plaintiff argued that Defendant should not be rewarded for its attempts to hide behind the dearth in case law interpreting Labor Code § 6317 in the context of a pandemic. Plaintiff described his intentions to amend out his PAGA claim.[1] Plaintiff then went on to describe that he is capable of demonstrating the unique economic harms in connection with his public nuisance and UCL claims. And, finally, Plaintiff described that his intention to remove his PAGA claim would moot Defendant's argument concerning administrative exhaustion.

---

[1] Specifically, Plaintiff argued that "Plaintiff . . . intends to amend out his PAGA claims, but does [s]o without prejudice to amending them back into the complaint as further information is learned about the administrative investigation." Opposition to Motion to Dismiss, at 4-5.

Then on November 18, 2020, Plaintiff filed his Motion for Leave to Amend his First Amended Complaint. For the reasons described herein Plaintiff's Motion for Leave to Amend is GRANTED pursuant to Federal Rule of Civil Procedure 15.

## I.     FACTUAL BACKGROUND

**A. Facts Alleged in the First Amended Complaint**

Plaintiff's first amended complaint concerns alleged violations of the COVID-19 health and safety guidelines propagated by the Center for Disease Control, the California Division of the Occupational Safety and Health ("Cal/OSHA"), and the California Department of Public Health ("CDPH"). Plaintiff alleged that Defendant's fulfillment center, which employs between 2,500-3,000 persons, failed to (1) furnish a place of employment that is safe and healthful as required by California law; (2) provide and use safety devices and safeguards reasonably adequate to render the employment and place or employment safe; (3) adopt and use methods and processes reasonably adequate to render the employment and place of employment safe; (4) employ methods reasonably necessary to protect the life, safety, and health of employees; and (5) to establish, implement, and maintain an effective injury prevention program.[2] Plaintiff described that Defendant's acts and omissions amounted to violations of the Private Attorneys General Act, §§ 2699(a) and (f) of the Private Attorneys General Act;[3] public nuisance as found in §§ 3294, 3479, 3480, 3491, 3493 of California Civil Code and § 731 of the California Code of Civil Procedure; and unfair and unlawful competition as set out in California's Unfair Competition Law, California Civil Code §§ 17200, *et seq*.

Specifically, Plaintiff alleged that Defendant has failed to provide sufficient personal protective equipment ('PPE"), including face masks and gloves;[4] that Defendant has also failed to provide sufficient means for sanitation to employees, such as sanitizer.[5] And, Plaintiff's claims that

---

[2] FAC, ¶ 16.

[3] *Id.*, ¶¶ 65-80.

[4] *Id.*, ¶ 14.

[5] *Id.*

on at least one occasion – May 22, 2020 – Plaintiff and Aggrieved Employees did not have access to any hand sanitizer or hand-washing stations;[6] that Defendant shut off all water to the building so that construction crew could work; and that the entire workforce – 2,500 to 3,000 or more employees, plus the construction crew – was unable to wash their hands and the hand sanitizer ran out almost immediately.[7] Furthermore, Plaintiff alleged that Defendant has failed to enact and enforce protocols, such as social distancing policies, to effectively mitigate or prevent contagion within its facility;[8] that Defendant has failed to respond to concerns employees raise and, instead, actively dissuades employees from raising concerns about the pandemic, their exposure to COVID-19, and infection among co-workers.[9] And that consequently, at least 80 employees have contracted COVID019 at the Chino Facility.[10]

### B. Facts Alleged in the First Amended Complaint

In Plaintiff's Second Amended Complaint, Plaintiff demonstrates further urgency and greater need for Defendant to comply with the health and safety guidelines set forth by the CDC, Cal/OSHA, and the CDPH. Plaintiff alleges that the conditions in Defendant's facility may give rise to "superspread" of COVID-19 at a time when the virus is making its resurgence.[11] Plaintiff seeks to amend out his PAGA claim; to expound upon the unique harms that Plaintiff alleges to have experienced in connection with his public nuisance and UCL claims;[12] and Plaintiff disaggregates and clarifies his claims for the alleged "unlawful" and "unfair" conduct undertaken by Defendant.[13]

---

[6] *Id.,* at ¶ 57.

[7] *Id.*

[8] *Id.,* at ¶ 53.

[9] *Id.,* ¶14.

[10] *Id.*

[11] SAC, ¶ 11-13.

[12] *Id.,* ¶¶ 69-88, 89-100.

[13] *Id.,* ¶¶ 89-100.

Significantly, Plaintiff alleges further unique economic harms, including taking time off from work and purchasing the supplies necessary to safeguard his and his family's health from the conditions at the Chino facility.[14]

## II.   DISCUSSION

### A.  Legal Standard Governing Motions for Leave to Amend

Federal Rules of Civil Procedure, Rule 15(a) provides that a party may amend a pleading once as a matter of course. If a party wishes to amend again, that party may only do so with leave of the court or by consent of the adverse party. *Id*. This rule further advises the Court that "leave shall be freely granted when justice so requires." *Id*.

Courts have repeatedly held that "[t]his policy is 'to be applied with extreme liberality.'" *Eminence Capital, LLC v. Aspeon, Inc*. (9th Cir. 2003) 316 F.3d 1048, 1051 (quoting *Owens v. Kaiser Found Health Plan, Inc*., 244 F.3d 708, 712 (9th Cir. 2001)). In *Foman v. Davis*, 371 U.S. 178, 9 L. Ed. 2d 222, 83 S. Ct. 227 (1962), the U.S. Supreme Court put forward the following factors that courts should consider when determining whether to grant leave to amend:

In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. – the leave sought should, as the rules require, be "freely given." *Id*. at 182. *See also Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) (citing *Forman* factors, as well as "previous amendment"); *Hurn v. Ret. Fund Trust of the Plumbing, Heating & Piping Indus. of S. Cal*., 648 F.2d 1252, 1254 (9th Cir. 1981).

As explained in *Eminence Capital*, "[n]ot all of the factors merit equal weight." *Id*. at 1052. "As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight." *Id*. (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 185 (9th Cir. 1987). In *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973), the court similarly stated that "the crucial factor is the resulting prejudice to the opposing party." Courts have determined that

---

[14] *Id*., ¶¶ 81-83.

"[a]bsent prejudice, or a strong showing of any of the remaining *Forman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 244 F.3d at 1052 (citing *Lowrey v. Tex. A&M Univ. Sys.*, 117 F.3d 242, 245 (5th Cir. 1997)).

Further, "[i]n the absence of an 'apparent reason' . . . it is an abuse of discretion for a district court to refuse to grant leave to amend a complaint." *Maomanivong v. Nat'l City Morg. Co.*, No. C-13-05433 DMR, 2014 U.S. Dist. Lexis 82891, at *4 (N.D. Cal. June 17, 2014) (citing *Forman, supra*, 371 U.S. 178, 182). Moreover, "Rule 15(a) is designed 'to facilitate decision on the merits, rather than on the pleadings or technicalities.'" *Chudacoff v. Univ. Med. Ctr.*, 649 F.3d 1143, 1152 (9th Cir. 2011) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)). Granting Rule 15(a) motions is encouraged because "dismissal is a harsh penalty and, therefore, it should only be imposed in extreme circumstances." (Becker v. Wells Fargo Bank, NA, Inc., No. 2:10-cv-02799 LKK KJN PS, 2012 U.S. Dist. LEXIS 119201, at *12 (E.D. Cal. Aug. 21, 2012) (quoting *Fredrik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992)).

### B. Whether the Court Should Grant Plaintiff Leave to Amend his Complaint

Because each of the *Forman* factors favor granting leave to amend in the present case, Plaintiff's motion is granted. Plaintiff has not engaged in undue delay or bad faith. And Plaintiff has not demonstrated a dilatory motive. Plaintiff has amended on one previous occasion, but courts often permit plaintiffs to amend their complaints a second time. *See Foreman v. Bank of Am., N.A.*, No. 18-cv-01375-BLF, 2018 U.S. Dist. LEXIS 206526, at *2 (N.D. Cal. Dec. 6, 2018) (granting plaintiff's leave to amend the first amended complaint while a motion to dismiss was pending); *Chudacoff, supra*, 649 F.3d at 1152 (granting plaintiff leave to amend the first amended complaint because the amendment would not have been futile nor prejudiced the defendants); *King v. Timber Ridge Trading & Mfg. Co.*, No. 2:19-cv-01617-RAJ, 2020 U.S. Dist. LEXIS 70195, at *6 (W.D. Wash. Apr. 21, 2020) (noting that "the Court will not break from the [9th] [C]ircuit's preference for granting leave to amend [because doing so] will not reward bad faith and will not cause undue delay or prejudice to Defendant.").

### III.   CONCLUSION

Because Defendant has not shown that Plaintiff seeks to amend his complaint in bad faith or that his proposed amendments would cause undue delay or prejudice, the court concludes that Defendant has not met its burden for showing that the court should deny Plaintiff's motion. For that reason, the motion is granted.

Dated: _____

                                                JOHN W. HOLCOMB
                                   UNITED STATES DISTRICT JUDGE